Andrew **BUNDY**, Plaintiff,

v.

**PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant.**

No. CIV–10–1237–W.

United States District Court, W.D. Oklahoma.

Jan. 4, 2011.

D. Eliot Yaffe, Greg H. Haubrich, M. Blake Yaffe, S. Alex Yaffe, Foshee & Yaffe, Oklahoma City, OK, for Plaintiff.

Brad Leslie Roberson, Dearra Godinez, Pignato & Cooper P.C., Oklahoma City, OK, for Defendant.

### *ORDER*

LEE R. WEST, District Judge.

Plaintiff Andrew Bundy commenced this action in the District Court for Oklahoma County, Oklahoma, on April 20, 2010, against defendant Progressive Direct Insurance Company ("Progressive"). He sought "damages in ... excess of $10,000 but less than $75,000 plus interest, attorney fees, [and] costs," Plaintiffs Exhibit 2, at 2, against Progressive for breach of an insurance policy issued by Progressive that provided for uninsured/underinsured motorist coverage.

On November 3, 2010, Bundy filed his first amended petition (hereafter "amended complaint"), asserting in Count 1, a claim for breach of contract and in Count 2, a claim for breach of the implied duty of good faith and fair dealing. In connection with the latter count, Bundy in his prayer for relief sought "an amount in excess of $75,000.00 in actual damages, plus punitive damages in an amount to be determined...." Plaintiffs Exhibit 3, at 3.

Progressive answered the allegations in the amended complaint on November 16, 2010. On that same date, it also removed the matter to this Court, *see* Doc. 1, and filed a copy of the Notice of Removal in state court. Progressive contended in its Notice of Removal that this Court has jurisdiction over the subject matter of this action under title 28, section 1332(a) of the United States Code because the parties are of diverse citizenship and because of amount in controversy now exceeds $75,000.00, exclusive of interest and costs.

The matter now comes before the Court on several pretrial matters.[1] Based upon the record, the Court RULES as follows:

(1) On December 2, 2010, Bundy filed a Motion for Partial Dismissal Without Prejudice and for Remand to State Court, wherein Bundy has contended that he has dismissed his tort claim and thus, this Court is without subject matter jurisdiction under section 1332(a) because the amount in controversy no longer exceeds $75,000.00, exclusive of interest and costs.

Since the procedural steps for removal[2] had occurred prior to the filing of the Partial Dismissal Without Prejudice, *see* Plaintiff's Exhibit 5, by Bundy in state

---

1. The Court deems MOOT Bundy's Motion for Expedited Hearing [Doc. 8] filed on December 10, 2010.

2. *See Browning v. American Family Mutual Insurance Co.*, 396 Fed.Appx. 496, 504–06 (10th Cir.2010) (cited pursuant to Tenth Cir. R. 32.1) (removal effected by three procedural steps: filing notice of removal in federal court, giving prompt written notice to adverse party and filing copy of notice of removal in state court).

court, the dismissal of Bundy's tort claim was not effective and is without consequence. *See* 14C C. Wright, A. Miller, E. Cooper, R. Freer, J. Steinman, C. Struve & V. Amar, *Federal Practice and Procedure* § 3736, at 681 (4th ed. 2009) (post-removal proceedings in state court considered coram non judice); 28 U.S.C. § 1446(d) (after removal effected, state court shall proceed no further).

Accordingly, when removal was accomplished on November 16, 2010, this case fell with the Court's original jurisdiction, *see* 28 U.S.C. § 1332(a), and because jurisdiction existed at the time of removal, "[e]vents occurring subsequent [thereto such as Bundy's decision to dismiss his tort claim] ... which [might] reduce the amount recoverable below the statutory limit [will] ... not oust jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (footnote omitted). Remand for the reason cited by Bundy is therefore not warranted, and Bundy's Motion for Remand to State Court [Doc. 7] filed on December 2, 2010, is DENIED.

(2) Progressive has advised that it has no objection to Bundy's request to dismiss Count 2 of his amended complaint. Accordingly, Bundy is DIRECTED to advise the Court and Progressive no later than January 5, 2011, whether he intends to pursue or dismiss his tort claim and he may so advise the Court and Progressive orally at the status conference now set in this matter on January 5, 2011.

(3) As the parties' Joint Status Report and Discovery Plan reveals, there are pending two unresolved discovery disputes, both of which were filed prior to the removal of this matter. *See* Doc. 13, at 3. The parties are ADVISED that Progressive's Second Motion to Compel [Doc. 1–28] filed on October 8, 2010, and its Third Motion to Compel [Doc. 1–32] filed on November 16, 2010, shall be heard immedi-

ately following the conclusion of the status conference on January 5, 2011.